# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF ANTONIO COWSER, by
RONNIE COWSER, as Special Administrator, and
RUBY COWSER

     **Plaintiffs,**

     **v.**                         **Case No. 17-CV-866**

**DAVID J. CLARKE JR. et al.,**

     **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS'
## MOTION TO DISMISS

---

The Estate of Antonio Cowser, Ronnie Cowser, as Special Administrator, and Ruby Cowser ("the Estate" or plaintiffs) bring this 42 U.S.C. § 1983 claim against David A. Clarke Jr., Richard E. Schmidt, Captain George Gold, Corrections Officer Brooks, Corrections Officer Tiara Sheet-Walker, John Doe # 1, John Does # 2-10, and Milwaukee County (collectively defendants) for deliberate indifference leading to the death of Antonio Cowser while in custody of a Milwaukee County Jail. Additionally, Ruby Cowser, Antonio Cowser's mother, brings a § 1983 claim for loss of companionship. Defendants move to dismiss the Estate's claim as time barred and Ruby Cowser's claim for failure to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

On January 10, 2011, Antonio Cowser was admitted to the Milwaukee County Justice Center after being sentenced to twenty-four days of confinement for "'Driving Under the Influence.'" (Am. Compl. ¶ 2.) Cowser was placed in the "Special Needs" section of the facility. (Am. Comp. ¶ 25.) On January 23, 2011, Cowser was pronounced dead. (*Id*.) The Estate alleges that shortly after Cowser's death, Ruby Cowser was informed by an agent of the Medical Examiner's Office that Antonio's death was the result of a heart attack. (Am. Compl. ¶ 20.) However, on the December 28, 2011 Medical Examiner' Report ("MER"), it was determined that Cowser died "'due to complications of a psychotic disorder.'" (Am. Compl. ¶ 50.) The Estate alleges that defendants were deliberately indifferent to Cowser's serious medical needs, failed to properly train the Milwaukee County Jail personnel, and failed to provide medical and psychological attention to Cowser leading to his death. (Am. Compl. ¶ 87.) The Estate filed its action on January 21, 2017. (Docket # 1.) An amended complaint was filed on September 28, 2017. (Docket # 19.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must satisfy Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief. . . in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the allegations must suggest that the plaintiff is entitled to relief beyond the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007). Nevertheless, the Court must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations

and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). "Dismissing a complaint as untimely at the pleading state is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc., v. Cerberus Capital Management, LP*, 559 F.3d 671 (7th Cir. 2009) (internal citation omitted).

## ANALYSIS

In § 1983 actions, federal courts adopt the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Seventh Circuit has applied Wisconsin's six-year statute of limitations in actions involving § 1983 personal-rights claims. *Gray v. Lacke*, 885 F.2d 399 (7th Cir. 1989). While the statute of limitations is grounded in state law, the accrual date of a § 1983 cause of action is a question of federal law "conforming in general to common-law tort principles." *Wallace*, 549 U.S. at 387-88. A § 1983 claim accrues "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)).

Generally, the accrual date is determined by the court identifying the injury and determining the date the plaintiff could have sued for that injury. *Hileman*, 367 F.3d at 696. However, the "discovery rule," which is read into the state statute of limitations postpones the beginning of the limitations period of a federal claim from the date the party is injured to the date when the party discovers or should have discovered the injury, exercising

reasonable diligence. *Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994) (internal citation omitted).

In this case, the Estate filed this lawsuit on June 21, 2017. Defendants argue that the date for accrual of the statute of limitations is the date of Cowser's death, January 23, 2011. Accordingly, defendants argue the lawsuit is untimely. Specifically, defendants argue that as of the date of Cowser's death, the Estate knew Cowser had suffered harm and that if anyone other than Cowser caused the harm, it was potentially the County.

Construing the complaint in the light most favorable to the Estate and accepting the factual allegations as true, as I must at this stage, I do not find that the claim is indisputably time barred. The Estate alleges that it had initially been told that Cowser died of a heart attack. The Medical Examiner's Report, which was incorporated by the Estate's amended complaint, lists the cause of death as "complications of a psychotic disorder." (Declaration of Anthony Anzelmo ("Anzelmo Decl.") ¶ 2, Exh. 1, Medical Examiner's Report at 5, Docket # 28-1.) Further, the Estate alleges it was not until the release of the Medical Examiner's Report on December 28, 2011 that it learned of the cause of death.

The defendants are correct that the Estate knew as of January 23, 2011, that Cowser had died and that his death occurred while in defendants' custody at the jail. However, the Estate's theory of their case is not merely that Cowser died while in custody, but that Cowser died as a result of the defendants' deliberate indifference to his psychological state and needs. According to the amended complaint, all the Estate knew as of the date of Cowser's death was that he died of a heart attack. Cowser suffering a heart attack does not necessarily evoke responsibility on the part of the defendants.

Defendants reject that the Estate was told Cowser died of a heart attack. Defendants notes that such a statement is not included in the Medical Examiner's Report, which is incorporated into the amended complaint. Indeed, defendants are correct that this statement is not in the Medical Examiner's Report. But in fairness to the Estate, the amended complaint does not allege otherwise. It merely recounts that the Estate was told that the cause of death was a heart attack without attributing the source of that information. (Am. Compl. ¶ 20.) Defendants' larger point seems to be that this statement is not supported by the record. But this a motion on the pleadings, not summary judgment. At the summary judgment stage, the Estate will have to provide evidence that supports its allegations. However, "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations." *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) (internal citation omitted) (emphasis in original). The Estate has satisfied this burden.

Additionally, defendants argue that this case is similar to *Moore v. Vagnini*, Case No. 14-CV-1446, 2016 WL 3448604 (E.D. Wis. June 20, 2016). In that case, Moore filed a § 1983 action against a police officer for assault. *Id.* at *1. However, Moore filed his complaint six years and seven months after the incident occurred which, as Moore conceded, would normally be barred by Wisconsin's six-year statute of limitations for § 1983 claims. *Id.* Nevertheless, Moore argued that based on the discovery rule, his claim did not accrue until months later, when he read in the newspapers about similar police misconduct that resulted in criminal charges. *Id.* at *2. The Court rejected this argument and found that the statute of limitations began the day the incident happened. *Id.* The Court further stated:

> Certainly he may not have known, until he read about other cases in the paper, that the defendant was alleged to have engaged in similar activity with other people in the community. He may not have known under what legal theory he had a claim. But he knew that he'd been treated badly, and had suffered an injury. At that point, with that knowledge, his claim began to accrue.

*Id.* at *3.

*Moore* is inapposite. In *Moore*, the nature of the injury and the responsible party was apparent from the first contact between Moore and the police officer. Moore had alleged that the police officer forcibly removed him from his car and penetrated his anus while searching him. *Id.* at *1. Thus, as the court noted, even though Moore may not have been able to put a legal name or theory to what was done to him, even prior to reading the newspaper, he would have known that what allegedly occurred was not standard and that he had been injured.

Here, while the Estate knew of Cowser's death on January 23, 2011, unlike in *Moore*, death alone, or death due to a heart attack, does not indicate a wrong was committed and that a wrong must have been committed by the defendants. Stated differently, as of the date of Cowser's death, the Estate, according to the amended complaint, did not know that Cowser "had been treated badly" or "suffered an injury." *See Moore*, 2016 WL 3448604 at *3. Taking as true the Estate's allegation that it did not know that the cause of Cowser's death was due to complications of a psychotic disorder until the December Medical Examiner's Report, I find that the Estate's claim is not indisputably time-barred at this juncture. Therefore, defendants' motion to dismiss the Estate's amended complaint is denied. Accordingly, I need not address parties' equitable estoppel arguments.

2.      *Ruby Cowser's § 1983 Claim*

Ruby Cowser, Antonio Cowser's mother, asserts a loss of companionship and society of her son "as a direct and proximate result of the . . . violation of [Cowser's] constitutional rights . . . ." (Am. Compl. ¶ 92.) In *Russ v. Watts*, the Seventh Circuit expressly held that parents have no "constitutional right to recover for the loss of companionship of an adult child when that relationship is terminated as an incidental result of state action." 414 F.3d 783, 791 (7th Cir. 2005). For a constitutional loss of companionship claim to survive, plaintiffs must show that the state intentionally aimed to interrupt the familial relationship. *Id.* at 787.

The Estate argues that Ruby Cowser's claim should not be dismissed because *Russ v. Watts* did not eliminate a parent's right to maintain a wrongful death claim under state law. (Pls.' Opp. at 7-9.) This argument fails for two reasons. First, the amended complaint does not make a wrongful death claim under Wisconsin law. Second, even if it did, it would surely be barred by Wisconsin's three-year statute of limitations. *See* Wis. Stat. § 893.04; *Christ v. Exxon Mobil Corp.*, 2015 WI 58 ¶ 84, 362 Wis. 2d 668, 704, 868 N.W. 2d 602, 619. Accordingly, defendants' motion to dismiss Ruby Cowser's claim for loss of companionship and society for the death of Cowser is granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendants' motion to dismiss the Estate's complaint as time barred is (Docket # 27) is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss Ruby Cowser's claim for loss of society and companionship is **GRANTED**.

Dated at Milwaukee Wisconsin this 12th day of September, 2018.

BY THE COURT
_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge